UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CHANTAY D. FRANKLIN,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 24-cv-1233 (APM) |
| **SOCIAL SECURITY ADMINISTRATION,** | ) ) ) | |
| Defendant. | ) ) | |

### ORDER

In this action removed from the D.C. Superior Court under 28 U.S.C. § 1442, *see* Notice of Removal, ECF No. 1 [hereinafter Notice of Removal], Defendant Social Security Administration moves to dismiss Plaintiff Chantay Franklin's complaint for lack of subject matter jurisdiction and for failure to state a claim, *see* Mot. to Dismiss & Mem. in Supp., ECF No. 8 [hereinafter Mot. to Dismiss]. Plaintiff is proceeding pro se, and although the court gave her the required warnings for failing to respond, *see* Order, ECF No. 9, she has not done so. For the reasons set forth below, the court holds that dismissal without prejudice is warranted under both Rule 12(b)(1) and Rule 12(b)(6).[1]

---

[1] Removal may have been procedurally defective because Defendant failed to file for removal within 30 days of receiving "a copy of the initial pleading" through "service or otherwise," as required by 28 U.S.C. § 1446(b)(1). *See* Notice of Removal at 1 (stating that "Defendant is in receipt of a Complaint" filed on March 4, 2024 in the D.C. Superior Court and removing this action on April 26, 2024). However, "a procedural defect in removal does not affect the federal court's subject matter jurisdiction and therefore may be waived." *Ficken v. Golden*, 696 F. Supp. 2d 21, 26 (D.D.C. 2010) (alterations and citation omitted); *accord Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one."). Because Plaintiff has not filed for remand pursuant to 28 U.S.C. § 1447(c), she has waived any objections to this procedural defect. *See Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 42 (D.D.C. 2012) ("It is settled law that an untimely removal constitutes a defect in the removal process, and that a remand based upon such a defect is encompassed by section 1447(c)."); 28 U.S.C. § 1447(c) (dictating that motions to remand made on the basis of "any defect other than lack of subject matter jurisdiction" must be filed within 30 days of removal). Accordingly, the court's review of Defendant's Motion to Dismiss is proper.

First things first, Defendant is correct that this court lacks subject matter jurisdiction based on the doctrine of derivative jurisdiction. Mot. to Dismiss at 3–5. For actions removed under § 1442, a federal court's jurisdiction derives from the jurisdiction of the state court from which the action originated. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014). Thus, if the D.C. Superior Court lacked jurisdiction over Plaintiff's suit, so too would this court.

Such is the case here. Plaintiff claims that her "application for Social Security disability was denied due process," Compl., ECF No. 2-1, but the United States has not consented to suit for such claims in state court, including the D.C. Superior Court, *see* 42 U.S.C. § 405(g) (authorizing judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party" in federal district court); *McCain v. Soc. Sec. Admin.*, No. 23-cv-3288 (CKK), 2023 WL 9023171, at *1 (D.D.C. Dec. 29, 2023) (dismissing action against the Social Security Administration based on the derivative jurisdiction doctrine).[2]

Dismissal also is appropriate for failure to state a claim, as there is no indication that Plaintiff exhausted her administrative remedies before filing this suit. Mot. to Dismiss at 5–6; *see Heckler v. Day*, 467 U.S. 104, 106–07 (1984) (describing the "unusually protective four-step process for the review and adjudication of disputed [disability] claims" and stating that a claimant "may seek judicial review in federal district court" after completing those steps); *see also Turnbull v. Kijakazi*, No. 20-5365, 2021 WL 5993232, at *2 (D.C. Cir. Dec. 10, 2021) ("Failure to

---

[2] Because Defendant did not remove pursuant to § 1441, subsection (f) of that statute, which abolishes derivative jurisdiction for civil actions "removed under this section," does not apply. 28 U.S.C. § 1441(f); *Ricci v. Salzman*, 976 F.3d 768, 772 (7th Cir. 2020); *Palmer v. City Nat. Bank, of W. Virginia*, 498 F.3d 236, 246 (4th Cir. 2007). The court finds it odd that Defendant essentially can preordain the jurisdictional outcome by choosing to remove under § 1442 rather than § 1441.

exhaust a social security appeal is not jurisdictional."). Given that Plaintiff did not respond to Defendant's Motion to Dismiss, this court finds no justification for her failure to exhaust.

Accordingly, this action is dismissed without prejudice. This is a final, appealable order.

Dated: November 21, 2024

Amit P. Mehta
United States District Judge

3